20 So.2d 589
### MADISON v. NUNNELEE et al.
3 Div. 420.

Supreme Court of Alabama.
Jan. 18, 1945.

Arthur A. Madison, of Montgomery, for appellant.

Wm. N. McQueen, Acting Atty. Gen., John O. Harris, Asst. Atty. Gen., and Hill, Hill, Whiting & Rives, of Montgomery, for appellees.

STAKELY, Justice.

On December 31, 1943, pursuant to § 35, Title 17, Code of 1940, appellant filed a petition in the Circuit Court of Montgomery County alleging, among other things, in substance that on or about September 4, 1943, he duly made application to the Board of Registrars in Montgomery County to be registered as an elector, but the Board of Registrars denied the application and refused to register petitioner. The State of Alabama appeared specially and moved to strike the petition and dismiss the appeal. The lower court sustained the motion and dismissed the petition or appeal. From that judgment this appeal has been taken.

The motion of the State of Alabama aptly raises the question which we shall proceed to discuss. The Board of Registrars is a creation of the statute and has only such power as is conferred by statute. § 21 et seq., Title 17, Code of 1940; 42 Am. Jur. p. 440. According to the statute the Board of Registrars holds two sessions a year. The first session is from the second Monday in June through the third Saturday in October. The second session is from the second Monday in November through the succeeding January. General Acts 1943, p. 187, Code 1940, Tit. 17, § 30(1).

Since, according to the petition, application for registration was made on or about September 4, 1943, the Board of Registrars must have acted on the application before the end of the session, that is before the third Saturday in October, that is October 16, 1943. The order of the Board of Registrars does not appear in the record. After October 16, 1943, the Board was without power to act. State ex rel. Shoemaker v. Davidson, 196 Ala. 453, 71 So. 678; State ex rel. Newton v. Herring, 196

Ala. 455, 71 So. 679. Under the statute the Board has no power to withhold its action on the application during the session in which it is made or continue its consideration to a subsequent session. There is nothing to show that the application was renewed or filed again during the session beginning on the second Monday in the following November.

It follows that since the application, if denied at all, must have been denied on or prior to October 16, 1943, the appeal to the circuit court taken on December 31, 1943, came too late because the appeal must be taken within thirty days. § 35, Title 17, Code of 1940. The circuit court was without jurisdiction. The action of the court in striking the petition and dismissing the appeal was proper. Nelson et als. v. Cornelius et als., 208 Ala. 688, 95 So. 170; 4 C.J.S., Appeal and Error, § 1355, p. 1957.

This situation is not changed by the allegations in the petition that the appeal from the decision of the Board was taken within thirty days. The record refutes the allegation.

In view of the conclusion reached, it is not necessary to discuss other questions presented.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.