29 So.2d 295

## WILLIAMS v. WRIGHT et al.

### 5 Div. 417

Supreme Court of Alabama.

Feb. 13, 1947.

Arthur D. Shores, of Birmingham, for appellant.

con County, Alabama, wherein he sought to be registered as an elector. Upon his failure to secure favorable action on his petition, appellant, within thirty days after the filing of his petition, prosecuted an appeal to the circuit court of said county. Title 17, § 35, Code 1940.

In the circuit court a motion to dismiss the appeal was sustained, and from the final order of dismissal appellant has prosecuted this appeal, as provided by Title 17, § 35, supra.

The trial court in entering the order of dismissal rested his conclusion upon the fact the petitioner had failed to comply with the rule established by the Board of Registrars of Macon County requiring that the applicant furnish to the Board, with his application, a supporting affidavit of some qualified elector residing in the county. It was shown by undisputed proof that the rule established by the Board of Registrars of Macon County required this supporting affidavit before action taken upon an application of anyone seeking registration. Blank forms were furnished, Title 17, § 37, Code 1940, for this purpose, which forms had upon them printed data for this additional testimony. It was headed "Examination of supporting witness." This form for the supporting witness laid particular stress upon the bona fide residence of the applicant, as well as having the witness to state that he knows no reason why the applicant should be disqualified from registration under the Constitution and laws of Alabama.

Pursuant to Section 186, Constitution of 1901, the Legislature has made provision for the registration of electors in Article 3, Title 17, Code 1940. In Section 25 of this Article is the provision that the registrars are judicial officers and act judicially in all matters pertaining to the registration of applicants. By this same section the registrars are required to take the same oath which is administered to judicial officers of the State. In Section 31, Article 3, Title 17, Code 1940, registrars are given the power to examine under oath all applicants for registration, and to take testimony touching the qualifications of such applicants. The qualifications for registration are to be found in Section 32, of said Arti-

A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for appellees.

GARDNER, Chief Justice.

On July 2, 1945, appellant presented his petition to the Board of Registrars of Ma-

cle; and in Section 33 is the provision that any applicant who fails to establish by evidence to the reasonable satisfaction of the Board that he or she is qualified to register may be refused registration.

Section 43, Article 3, Title 17, Code 1940, lays stress upon the matter of bona fide residence of the applicant and other details, all of which he may be required to state under oath.

The most pertinent provision of this Article, however, is section 53, which is to the effect that the Board may make such rules and regulations as it deems proper for the receipt of applications for registration, and the accomplishment in as expedient a manner as possible the registration of those entitled to register.

As we have previously observed, appellant here failed to conform to the rule requiring a supporting witness. He made no effort to so comply. The proof is without conflict that this rule was applied impartially, that is, to every one. There is no indication or pretense in this record that in the action of the Board there was any element of discrimination against appellant because of the fact that he was of the colored race.

The more recent cases involving the matter of registration (Boswell v. Bethea, 242 Ala. 292, 5 So.2d 816; Madison v. Nunnelee, 246 Ala. 325, 20 So.2d 589) do not touch upon the question here presented.

There is, however, a very recent ruling in the District Court of the United States for the Middle District of Alabama in the case of Mitchell v. Wright et al., 69 F.Supp. 698, which has direct bearing upon this question. The plaintiff in that suit, a negro citizen of Macon County, sought a declaratory judgment, injunctive relief, as well as nominal damages, on account of the failure of the members of the Board of Registrars of Macon County to register him as a qualified elector, basing his claim that he was denied registration on account of his race and color contrary to the anti-discrimination provisions of the United States Constitution.

In that case Mitchell had applied at the same session of the Board at which the applicant here had made his application—Mitchell's petition being filed July 5, 1945,

and petition of this applicant filed on July 2, 1945. The learned judge of the United States District Court gave painstaking study to the facts appearing in that record, as well as to the statutory provisions of Alabama involving registration. After pointing out that slightly more than 82 per cent of the population of Macon County were of the colored race, yet, the record failed to disclose any discrimination on account of race or color.

Emphasis was laid in that opinion upon the rules and regulations of the Board requiring the applicant to produce a supporting witness. The gist of the holding was that the rule established by the Board of Registrars was reasonable and fair, and that it was evenly administered to both white and colored.

The opinion further points out that the record in that case discloses not in a single instance was any person, white or colored, registered by the Board without first being vouched for by supporting witness.

We are of the opinion that the decision of the United States District Court in the Mitchell case is sound in its application of the law to the facts as there established. It is clear enough the State had the power through its legislative body to grant to the Board of Registrars the authority to make rules and regulations for the proper expedition of the business of the Board. The opinion in Boswell v. Bethea, supra, demonstrates that presumptively the regulations and rules of the Board are reasonable. Clearly, there is nothing in this record to indicate to the contrary. The rule of the Board merely requires some supporting proof. Section 31, Article 3, Title 17, Code 1940, expressly gives authority to the Board "to take testimony touching the qualifications of such applicants."

We see no escape from the conclusion, therefore, that the rule established by the Board is fair, just and reasonable, and that failure to comply therewith justifies a denial of registration. For appropriate action a majority of the Board is required. Title 17, § 34, Code 1940. The fact that the application was signed by one member of the Board is of course insuffi-

cient. The two remaining members took no action whatever, and as we have observed, were justified in so doing because of a non-compliance by petitioner with the established rule of the Board.

We are at the conclusion that the trial court committed no error in dismissing the appeal, and that the judgment of dismissal should be here affirmed. It is so ordered.

Affirmed.

All the Justices concur.