30 So.2d 451
### HAWKINS v. VINES et al.
### 6 Div. 487.

Supreme Court of Alabama.
May 8, 1947.

Arthur D. Shores, of Birmingham, for appellant.

168

A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for appellees.

SIMPSON, Justice.

Appellant was denied registration as an elector by the Board of Registrars of Jefferson County, Alabama, and appealed to the circuit court of said county from that decision. From a judgment of dismissal on the failure of appellant to amend after an adverse ruling on demurrer to the appeal petition filed in the circuit court, the instant appeal was taken.

Code 1940, Title 17, § 35, governs such appeals. The pertinent incidents of the case occurred before the passage of the Boswell Amendment, General Acts 1945, Act No. 336, p. 551, and are not influenced by that legislation.

Said § 35 provides that the appeal from the ruling of the Board of Registrars shall be by petition filed in the circuit court (or court of like jurisdiction) to have applicant's "qualifications as an elector determined." Decision here turns on a construction of § 35 and the allegational requirements of the appeal petition which the statute provides must be filed. Appellant contends that the trial in the circuit court should be de novo like ordinary appeals from a justice of the peace court, without formality of pleading, whereas appellees advance the contrary theory. We are in accord with the latter view.

It is noted that § 35 merely stipulates that the appeal from the Board's decision shall be by filing a petition in the court to which the appeal is taken to determine the applicant's qualifications. Manifestly, a petition which would assert no more as a basis for appealing from the Registrars' ruling would be insufficient. This court pointed out in Boswell v. Bethea et al., 242 Ala. 292, 294, 5 So.2d 816, 818, that the rule of good pleading in such a case is no different from the general rule of pleading governing other causes of action and that "the matter pleaded or facts alleged must be (1) sufficient in law to avail the party who pleads it, and (2) alleged or deduced according to the forms of law."

■ The rule is settled that where a board is created for the purpose of carrying a law into effect, all legal intendments are with the orders of such board, and such orders will be upheld unless their invalidty is shown. Railroad Commission of Alabama v. Alabama Great Southern R. Co., 185 Ala. 354, 64 So. 13, L.R.A.1915D, 98.

■ With respect to appeals from the decision of the Board of Registrars denying an applicant registration as an elector, it was held in the above cited Boswell case that such an order, like orders of other administrative boards, is presumptively regular and valid and the burden is on the one who would attack the order to show error and "this should be done by proper pleading and evidence." 242 Ala. at page 297, 5 So.2d at page 821.

This is a sound rule of pleading and is determinative of this appeal. The statute makes no specification as to the allegational requisites of the appeal petition but it is only following precedent to impose on the pleader, in stating his case on appeal, the burden of showing that the Board, in whom was vested the discretion of determining an applicant's qualifications (§ 33), had erroneously refused him registration.

■■ The circuit court, under the provisions of the statute, is not the primary registering authority and to invoke its aid the appeal petition should set forth the necessary jurisdictional facts. Though this may be done by general averments, the petition should at least show that applicant (1) applied for registration at a stated time; (2) at that time possessed the requisite qualifications to be registered as an elector; (3) introduced or tendered evidence to the Board showing himself to be qualified to register under the constitution and laws of Alabama, and to have complied with such reasonable rules as the Board may have adopted; and (4) was refused registration.

Such petition would thereupon invoke, prima facie, the jurisdiction of the circuit court and the judge thereof should then, in accordance with such averments, formulate the issue to be thus determined in said court.

■ Any special defense against the jurisdiction of the circuit (appellate) court would be available by motion to dismiss the appeal, to be heard and determined before entering upon trial on the merits. Williams v. Wright, ante, p. 9, 29 So.2d 295.

Coming now to the case in hand, it is manifest the appeal petition was deficient in several respects. Among the requisites for qualification as an elector the applicant, *at the time he applied for registration,* must have been (1) a citizen of the United States (and of Alabama, etc.) and over twenty-one years of age (§ 180, Constitution), (2) able to read and write any article of the Constitution of the United States *in the English language* (unless unable because of physical disability), (3) regularly employed in some *lawful* employment or occupation for the greater part of twelve months next preceding the date he offered to register (§ 181, Constitution); and the answers to the questions in the application blank which he submits to the Board must have disclosed him as qualified to register.

■ The appellant in the petition seems to have rested his claim to the right of registration on his status as of the time the appeal petition was filed in the circuit court. The right, however, of one to be registered is determined by the status of an applicant at the time of the application for registration. Code 1940, Title 17, § 35. That petitioner (at the time he appeals) "*is* a citizen of the United States etc.," "*is* over the age of twenty-one years" and "*is* able to read and write etc.," as averred in the appeal petition, were not the criteria for registration.

■ Likewise, the allegation merely that he filled out the application blank (from aught appearing the matter stated therein by petitioner might have showed affirmatively that he was not entitled to register), without averring that the executed blank showed him to be eligible, and the averment that he read passages of the United States Constitution, without stating that he read them correctly and *in the English language* and were those which the Board directed him to read, were de-

fects in the petition which the demurrer properly challenged.

 Similarly, the allegation regarding his employment, that "he had been regularly employed etc.," is equally deficient since the law specifically requires that his employment must have been *lawful*, and, construing the pleading against him, the contrary inference may be deduced.

 The pleading is to be tested by the general rule of pleading, that the allegations are to be construed most strongly against the petitioner, and when so construed the following defects in the appeal petition are apparent: (1) Petitioner may not have been a citizen of the United States and may not have been of the age of twenty-one years on the date he applied for registration; (2) he may not have been able to read and write at the time he applied for registration; (3) he may not have read correctly and *in the English language* the articles of the United States Constitution as directed by the Board; (4) he may not have been regularly employed in a *lawful* business or profession; (5) from aught appearing, the application blank which he claims he filled out may have disclosed information such as to clearly show that he was not entitled to registration, or the matters stated therein may have been wholly inadequate to show him to be qualified to register. Hence, had the appellant proved all the allegations of his appeal petition he, still, under the law and constitution of Alabama, might not have been entitled to be registered as an elector and, a fortiori, not entitled to a judgment in the circuit court so declaring him.

 True, the appeal petition asserts that the "petitioner duly made application to the Board of Registrars for the purpose of registering," but this general averment by way of conclusion was followed by a particularization of the several things noted above petitioner claims to have done. These specified things, as we have indicated were not proper tests of qualification to entitle him to be registered. In this state of the pleading, the pleader's petition having abridged the general averment of due qualification and denial of registration, by

stating the quo modo of his complaint, the general gives way to the special and the *petition must be tested* by the special allegations which were deficient in the respects noted. Birmingham Ry. Light & Power Co. v. Weathers, 164 Ala. 23, 51 So. 303; Sheffield Co. v. Morton, 161 Ala. 153, 49 So. 772; Louisville & N. R. Co. v. National Park Bank, 188 Ala. 109, 65 So. 1003; Gaines v. Harmon, 246 Ala. 307, 20 So.2d 503.

The circuit court correctly applied the above referred to settled rules of pleading in sustaining the demurrer to the petition, and that judgment is affirmed.

Affirmed.

All the Justices concur.