68 So.2d 526

### TYSON v. ARN et al.

#### 1 Div. 518.

Supreme Court of Alabama.

Nov. 12, 1953.

Gaillard & Gaillard, Mobile, for appellant.

Albert J. Tully, Mobile, for appellees.

## PER CURIAM.

This is an appeal from a decree of the circuit court, in equity, sustaining a demurrer to the bill of complaint. The bill was filed by Mrs. Myrtice M. Tyson against Messrs. Arn, Moreland and Patterson, members of the Mobile County Personnel Board, and H. T. Pillans as personnel director of said board, to enjoin them from taking any official action which would cause the complainant to lose her civil service rating or to lose her position or office as senior clerk in the office of the register of the Circuit Court, in Equity of Mobile County on account of certain acts charged to her. On September 18, 1951, Pillans, said personnel director, addressed a communication to the complainant calling her attention to the fact of said political activities claimed to have been engaged in by her, as appears from an advertisement published in the Mobile Register, and directing attention to the provisions of section 24(e) and rules 2.2 and 2.3 which prohibit political activity on the part of classified employees, and asking her for immediate explanation of the same. Without having received a communication from her, so far as alleged, said personnel director, on September 20, 1951, addressed another communication to her advising her that he was instructed by the personnel board to notify her that at four P.M. on Friday, September 28, 1951, the board would hold an investigation and hearing as to the reported violation of such statute and rules. In that communication she was directed to appear before the personnel board in connection with the investigation and hearing in order that the board might determine whether or not she had forfeited her position in the classified service by reason of her reported violation of said statute and rules.

The bill does not allege that there was a hearing on September 28, 1951, or that any response was made by complainant to said notices. But on October 30, 1951 she filed the instant bill of complaint in the Circuit Court, in Equity, of Mobile County. The purpose and prayer of said bill are as stated above and the charge is based upon the allegation, in short, that she had participated in a certain political activity in respect to issues to be voted upon in an election held on September 18, 1951.

The bill alleges that participation on her part, as charged to her, was in respect to an election for the imposition of a five mill tax as the "means of obtaining finances necessary for the payment of adequate wages to employees of the city and necessary to provide sanitary and storm sewers, water extensions, improvements and additions to the fire department, and additional recreation facilities, garbage disposal equipment and development of urban thoroughfares for the relief of the congested traffic". Complainant alleged in her bill that her participation and interest in said election was not in violation of the civil service law of Mobile County, approved September 15, 1939, Local Acts 1939, page 298, as amended by an Act approved September 25, 1947, Local Acts 1947, page 334.

Some of the pertinent features of those acts necessary for consideration are as follows: The appointing authority is not the same as the personnel board and applies to one or more persons who have the power to make appointments to positions of employment in the classified service (section I). The personnel board shall consist of three members selected as there provided. The duties of said board are also there provided, among other things, to select a personnel director and adopt rules and regulations,

and (7) to consider and act on such matters as may be referred to the board by the director. Section VII. In section VIII the duties of the personnel director are prescribed, among them (10) to make investigation concerning the administration and effect of this act and the rules made thereunder and report such findings and recommendations to the board. Under section IX the board is given power to make rules and regulations and act upon the recommendations of the personnel director to that end. Section XXII gives to the appointing authority the power to dismiss an employee for the good of the service. From such order the employee within ten days may appeal to the board and the board may, after an investigation, order a public hearing upon notice to and opportunity to be heard by the employee, and if the charges are proved unwarranted order the reinstatement of the employee under such conditions as the board may determine. Charges may be filed by any person and cause a copy to be served upon the employee which charges shall be heard. The findings of fact by the board upon any such appeal or hearing shall be conclusive if supported by any substantial evidence.

Section XXIV, as amended by Act of September 25, 1947, supra, among other things, prohibits any person in the classified service (e) from being a member of any national, state or local committee of a political party, or an officer of a partisan political club, or take any part in the management or affairs of any political party or in any political campaign, except exercise his rights as a citizen privately to express his opinion and to cast his vote. (The other provisions of subsection [e] are omitted because they are not here material.) Under subsection (f) any officer or employee in the classified service who violates any of the foregoing provisions of this section shall forfeit his office or position.

Section XXVI makes it the duty of the board to study all matters touching the enforcement and effect of the Act and the rules and regulations prescribed under it. The board has the power to administer oaths, issue subpoenas and require the attendance of witnesses. It waives all informality in any proceeding by the board.

Section XXXIV provides that orders of the personnel director and personnel board may be enforced by appropriate proceedings in a court of competent jurisdiction and that any person directly interested may, within five days, appeal to the Circuit Court of Mobile County from any order of said board by filing notice thereof with it. Upon such appeal the board shall certify to a transcript of the proceeding before it. It is further provided that the findings of fact by said board, contained in such transcript, if supported by substantial evidence adduced before the board after hearing and upon notice to interested parties and after affording them opportunity to be heard, shall be conclusive on an appeal; and that the issues on such appeal shall be made up under the direction of the court and within thirty days after said transcript is filed, and the trial shall proceed on the evidence contained in the transcript, provided the evidence was taken after notice and opportunity to be heard. It further provides that if upon such appeal the court finds that the ruling, order or action appealed from is unlawful or unreasonable, within the meaning of this Act, it shall have power to vacate and modify the same.

We think it is clear, when the entire Act, as amended, is considered, that the purpose was to confer upon the personnel board the power to determine whether or not any employee in the classified service has been guilty of proscribed conduct, such as prohibited political activity, as would justify a discharge of the employee, and that if said board finds an employee guilty of activities defined by section XXIV of the Act it has the power to discharge the employee from the service, and that from the order of dismissal the employee has the right to appeal within five days to the Circuit Court of Mobile County by simply filing a notice of appeal. Whereupon the circuit court will determine whether or not the board was justified on the evidence submitted to it in ruling as it did with reference to the employee. This Act was carefully considered in Hickman v. City of Mobile, 256 Ala. 141, 53 So.2d 752.

The chief contention made by complainant, the appellant here, is that the political activity for which an employee in the classified service may be subject to the powers of the personnel board does not embrace the activities which are alleged to have been engaged in by her and, therefore, that under the Act in question the personnel board did not have jurisdiction to proceed with the hearing, notice of which was given her.

Before reaching the merits of appellant's contention, it is urged that the administrative procedure should be exhausted where it is adequately provided; and that it is provided here.

The contention of complainant is that the board has no jurisdiction to remove her, because the proceedings show that there is no authority to remove or take any action against her upon the allegations of fact set up. The contention further raises the question of whether it is necessary to wait for the board to act on the charge and hold that it has jurisdiction before instituting a proceeding to prevent it from acting, on a showing that the charge as affected by the allegations of the bill does not stimulate the power of the board to act, and that any action it might take against complainant would be void and would not support an appeal.

The notice here alleged to have been given is not a judicial or other act of the board whose province it is to judge the matter. It is not in the nature of an order to do an act or show cause for not doing it. Ex parte Register, 257 Ala. 408, 60 So.2d 41. The board has not decided anything, either tentatively or finally, or even that it has jurisdiction. The jurisdiction of the board may exist, although a proper ground sought to be sufficient to discipline appellant is not alleged. The board has the jurisdiction and power to discipline her for violating section XXIV(e) of the Act of 1947, supra. It would be the duty of the board to find the facts in that connection, and then to act upon that determination. The notice to complainant does not give a detail of the facts to show that the board should or should not discipline her under the law. The board has the power under section XXIV(f) to cause complainant to be discharged for a violation of (e) thereof. There is no contention that (e) does not afford proper ground for her discharge. Therefore, it is the province of the board to find the facts and determine if she is guilty of violating (e), supra. And if so to discipline her under the provisions of (f), supra. If the evidence shows she has not violated (e), properly interpreted, but she is discharged by the board, she should appeal to the circuit court under section XXXIV of the Act of 1939. The board is charged by law with the duty and power to determine if she has violated section XXIV(e) as amended by the Act of 1947. A finding that she has done so, when she has not, properly interpreting her conduct, does not render the proceeding void for want of jurisdiction. But it would be an erroneous interpretation of the law and facts for the redress of which ample unburdensome means are provided by appeal to the circuit court.

■ We do not have a situation where the board has no jurisdiction to act. 42 Am.Jur. 587. The law confers that power on it. If the board concludes that complainant has been guilty of acts which justify her removal, the act of doing so is not void for the reason that the board has misconstrued the law or the facts. That should be remedied by appeal. If a want of jurisdiction appears on the face of the proceeding (that is, the notices to her), the board should do nothing with it but dismiss it, and failing to do so appropriate action to require it is available. Donahoo v. St. John, 253 Ala. 604, 46 So.2d 420. The case of United Public Workers of America (C.I.O.) v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754, is without application.

There is nothing on which to base a conclusion that the board will discipline complainant on facts found which do not authorize it under the law.

It is not appropriate to treat other questions argued by appellant. The decree of the circuit court, in equity, should be affirmed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this

Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.