76 So.2d 770

**Ex parte Henry L. DARNELL.**

**Ex parte Ray MULLINS, as Director of Personnel.**

**6 Div. 698, 744.**

Supreme Court of Alabama.

Oct. 28, 1954.

Rehearing Denied Jan. 13, 1955.

John A. Jenkins, Birmingham, for petitioner Darnell.

Huey, Stone & Patton, W. Gerald Stone, Bessemer, for petitioner Mullins.

74

STAKELY, Justice.

The petition for certiorari entitled Ex parte Ray Mullins, Director of Personnel, 6 Div. 744; and the petition for certiorari entitled Ex parte Henry L. Darnell, 6 Div. 698, were both submitted to this court by agreement on the transcript of record certified to this court in Ex parte Henry L. Darnell by the Circuit Court of Jefferson County, Alabama, which covers all the proceedings in the circuit court in the cause entitled Ray Mullins, Director of Personnel, plaintiff, v. Henry L. Darnell, defendant.

For some years prior to January 29, 1953, Henry L. Darnell was a detective in the Police Department of the City of Birmingham and as such was a permanent, qualified employee under the Civil Service System, which is administered by the Jefferson County Personnel Board.

Ray Mullins is the Director of Personnel for the aforesaid Personnel Board.

On November 5, 1952, the Personnel Board adopted a resolution which recited that it had information that some members of the Birmingham Police Department had committed illegal or improper acts which had come to the attention of the Board as the result of recent hearings and investigations conducted by the Director and officials of the City of Birmingham and "The Director was instructed by the Board to make the necessary investigation of the Police Department of the City of Birmingham in order to determine whether or not the provisions of the civil service law and the rules and regulations of the Personnel Board had been complied with or had been violated by any member of the department and to prefer charges against any such members if in his judgment the facts disclosed by his investigation warranted such action."

Pursuant to the resolution the Director made such investigation and as a result thereof filed charges of misconduct against five detectives and the Chief of Police. The charges, eleven in number, against Henry L. Darnell were filed on January 29, 1953. The Personnel Board after holding a hearing on the charges against Henry L. Darnell, on January 29, 1953, found him guilty of conduct unbecoming an employee in public service and dismissed him from service as of that date. Henry L. Darnell filed notice of appeal from the aforesaid decision to the Circuit Court of Jefferson County on January 29, 1953.

The statute here involved was first enacted by the Legislature in 1935. General Acts 1935, p. 691. Many of the sections of this Act were amended in 1939. General Acts 1939, p. 309. The act as amended was codified in the Code of 1940 as Title 12, §§ 133 to 159. In 1945 the Legislature passed a new act covering the whole subject. General Acts 1945, p. 376. This act was amended in 1947. General Acts 1947, p. 398. This act as amended may be found as Title 62, § 330(21) to § 330(48) in the *1951 Cumulative Pocket Part* of the Code of 1940. This is the law here involved.

The appeal in the circuit court was assigned to a panel of three judges, namely; the Hon. J. Russell McElroy, the Hon. George Lewis Bailes and the Hon. Whit Windham for hearing on March 2, 1953. At this hearing the director appeared specially and filed a motion to dismiss the appeal on a number of grounds, all of which went to the point that the court was

without jurisdiction because the part of the statute, § 330(42), Title 62, Code of 1940, 1951 Pocket Part, which purported to authorize a dismissed employee to appeal to the aforesaid court and have a trial de novo before a panel of three judges, was unconstitutional. This motion was overruled and to this action of the court the director excepted.

The director filed a second motion to dismiss the appeal, the ground thereof being that the employee had qualified as a candidate for Commissioner of the City of Birmingham on February 28, 1953, and by so doing had forfeited his position with the City of Birmingham under the provisions of § 330(45), Title 62, Code of 1940, 1951 Pocket Part. The court overruled this motion, to which action of the court the director reserved an exception.

Henry L. Darnell filed a motion to quash or dismiss the charges filed by the director which was later twice amended. While there were numerous grounds the court only passed on two, viz.: grounds numbered 1 and 7, which raise the point that the director was not authorized under the law to file the aforesaid charges against the employee with the Personnel Board. On the hearing of the motion the director submitted evidence as to the administrative procedure and interpretation of the civil service law by the Personnel Board in regard to the right and power of the director to file charges against employees and to the fact that the director was a resident, voter, citizen and taxpayer of Jefferson County, Alabama.

In substance the director testified that he was a resident, citizen, voter and taxpayer of Jefferson County, Alabama; that he was employed by the Personnel Board since it was created in 1935 and director since 1941; that since the Board was created the director has filed charges against employees from time to time over a period of seventeen years and the right and power to do so was never questioned until charges were filed against the detectives here involved, which include Henry L. Darnell. The director at the request of the court submitted a list of cases filed with the Board from the time it was organized through 1952, which does not include the charges filed against the five detectives, which have been mentioned. This list shows that a total of 162 cases have been filed with the Board; 58 by the appointing authority; 48 appeals from actions of the appointing authority; 36 by citizens and 10 by the director.

The director also testified as to the procedure followed in making investigations in accordance with § 13 of the Rules and Regulations of the Board, the rule being the same as the statute, § 330(33), Title 62, Code of 1940, 1951 Pocket Part.

At the hearing Henry L. Darnell testified that he qualified as a candidate for Commissioner of the City of Birmingham on February 28, 1953, that prior to qualifying as such candidate he did not resign as a city detective. He waived all rights to compensation if he should be reinstated after the date he became a candidate for commissioner. The evidence showed that Henry L. Darnell did not after he was dismissed by the Board perform any work for the city as a detective and he was not allowed to work thereafter.

The court after hearing the case granted the motion to dismiss the charges filed by the director on the ground that he was not authorized to file the same and reinstated Henry L. Darnell from the date of dismissal; namely, January 29, 1953, to February 28, 1953, the date he qualified as a candidate for commissioner and awarded to Henry L. Darnell his salary for such period. The court then held that Henry L. Darnell had forfeited his position as detective by qualifying as a candidate for public office. Henry L. Darnell filed a motion for new trial which was overruled.

To refer again briefly to what has been said, the Personnel Board found Henry L. Darnell guilty of conduct unbecoming an employee in public service and dismissed him from the service as of the date of such finding. Under the provisions of the statute then in force, Henry L. Darnell took an appeal to the Circuit Court of Jefferson County. The statute in force at the time

provided for an appeal from an order of the Personnel Board to the Circuit Court of Jefferson County before a panel of three judges, who were authorized to hear and try the charge de novo. Acts of 1947, p. 398 et seq. The petitioner here in Ex parte Ray Mullins, Director of Personnel, 6 Div. 744, is complaining that the statute which provides for a trial de novo is unconstitutional and void. It is insisted that a statute which purports to give a public employee a right of appeal to the courts with a trial de novo from a decision of the Personnel Board removing him for cause is an unconstitutional imposition of a non-judicial function upon the court. We should say at this point that the petitioner does not question the right of the courts to review by certiorari, mandamus or other remedial writ the record of proceedings had before an administrative board to determine jurisdiction and questions of law. The petitioner does insist that the circuit court has no right to hear the case de novo and substitute its own judgment for that of the Personnel Board.

It is well at the outset to recall §§ 42 and 43 of the Constitution of 1901 which read, respectively, as follows:

"Section 42. The powers of the government of the State of Alabama shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judical, to another."

"Sec. 43. In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men."

It is well known that our founding fathers were determined that the tyrannies and despotisms of the old world should not be transplanted and allowed to exist in the American form of government. It was thought that the wisest course to pursue was to divide the functions of government into three separate powers, the executive, the legislative and the judicial and that no one man or set of men should be allowed to exercise all of these powers. By this division of powers it was thought that the weaknesses of the government in the old world to which he have referred would be removed and not be continued in this country. It was a salutary plan and time has proved its worth.

It is insisted now in this case that the Personnel Board is an administrative board and that its order discharging Henry L. Darnell is purely an administrative order made by an administrative board and that being true under our constitutional provisions providing for the separation of the powers of government, there can be no appeal and trial de novo to the judicial branch of government where the court can substitute its judgment for the order of the administrative board.

It is further seriously contended that the original jurisdiction of circuit courts is conferred and limited by § 143 of the Constitution of 1901 which reads as follows:

"The circuit court shall have original jurisdiction in all matters civil and criminal within the state not otherwise excepted in this constitution; but in civil cases, other than suits for libel, slander, assault and battery, and ejectment, it shall have no original jurisdiction except where the matter or sum in controversy exceeds fifty dollars."

And it is pointed out in Larkin v. Simmons, 155 Ala. 273, 46 So. 451, 452, in speaking of § 143 of the Constitution, that this court said:

"Any enactment of the Legislature, seeking to confer original jurisdiction on the circuit court in matters civil or criminal beyond the outside of the limi-

tations fixed by the Constitution, would be of no binding force."

We have given careful consideration to the problem here presented and have read with great interest the able and helpful opinion filed by the panel of judges in the circuit court and we agree with the order of the circuit court holding, in effect, that there is no unconstitutionality in the statute to which we have referred. The term "original jurisdiction" means that the litigation may be brought originally in the court having such jurisdiction. Of course, we understand that a proceeding to dismiss an employee under the provisions of § 330 (42), Title 62, Code of 1940, 1951 Pocket Part, cannot be instituted originally in the circuit court and accordingly the circuit court does not have original jurisdiction, but this does not mean that the circuit court may not have appellate jurisdiction and that an employee who is dismissed by the personnel board may not appeal from such sentence to the circuit court. The provision of the statute is that upon the appeal the circuit court shall try the case de novo. Trial de novo is not synonymous with original jurisdiction. For example, in § 143 it is provided that the circuit court shall not have jurisdiction in matters where the sum in controversy is less than $50, but it needs no citation of authority to show that on appeal to the circuit court from the justice court a trial de novo may be had in the circuit court where the sum in controversy in the justice court was less than $50.

This brings us to the question as to whether the statute providing for an appeal de novo in the circuit court is violative of §§ 42 and 43 of the Constitution. In reaching a proper conclusion we should keep firmly in mind that an administrative commission need not be exclusively a branch of the executive, the legislative or the judicial department. It can partake of the nature and powers of all three. The bar contained in § 43 of the Constitution is against the executive exercising either judicial or legislative powers, against the legislative exercising either judicial or executive powers and against the judicial exercising either legislative or executive powers, but there is no bar to the establishment of an administrative board having judicial powers. To understand this statement, §§ 42 and 43 of the Constitution should be read and interpreted in connection with § 139 of the Constitution, which provides that the judicial power of the state shall be vested in the senate sitting as a court of impeachment, a supreme court, circuit courts, chancery courts, courts of probate, such courts of law and equity inferior to the supreme court, and to consist of not more than five members, as the legislature from time to time may establish, "and such persons as may be by law invested with powers of a judicial nature; * * *."

It is well for us to review the cases which throw light on the meaning of that part of § 139 to which we have expressly referred. The case of Gaines v. Harvin, 19 Ala. 491, came to this court when the Constitution of 1819 was in force and effect. It did not include the words "and such persons as may be by law invested with powers of a judicial nature". In that case the court said:

"We do not understand by this provision in the constitution, that it was the intention of its framers to deny to the Legislature the power to confide to ministerial officers who do not constitute a part of the judiciary, properly so called, many duties involving inquiries in their nature judicial. The practice of this, as of all other governments, having their executive, judicial and legislative departments separate and distinct, very clearly shows that in the administration of the law, inquiries partaking of the nature of judicial investigations are confided to persons other than judges whose acts have never been questioned on constitutional questions. Auditors and commissioners appointed in certain cases and for specific but temporary purposes, commissioners of roads and revenue, or for the allotment of dower, the sheriff in executing writs of inquiry in certain cases, so also the masters in chancery, the commissioner of patents of the United States, and commissioners under the late act of Congress in regard

to proceedings for the extradition of fugitive slaves, all perform duties in their nature judicial, but we have seen no case holding their acts to be unconstitutional."

After the words "and such persons as may be, by law, invested with powers of a judicial nature," were inserted in what is now §· 139 of the Constitution, this court in Ex parte Roundtree, 51 Ala. 42, had this to say:

"Excepting the words, 'and such persons as may be by law invested with powers of a judicial nature', the section of the present constitution which we have quoted, simply expresses, in a single clause that which was evident from the several sections of the constitution of 1819, establishing the judicial department of the government, and distributing the judicial power. The words, 'and such persons as may be by law invested with powers of a judicial nature', were introduced into the present constitution, from abundant caution. It was for a time, under the constitution of 1819, a vexed question, whether the general assembly could, by enactment, confer such powers on other than constitutional judicial officers. The convenience and interest of the community often demanded the vesting of such powers in ministerial officers, who could exercise them more expeditiously than the regular judicial tribunals. There were many statutes passed to subserve this convenience and interest; among others, statutes authorizing the clerk of the circuit court, or the register in chancery, to fill vacancies in; trusteeships, by the appointment of trustees. The validity of such enactments came before this court, in the case of Gaines v. Harvin (19 Ala. 491), and was affirmed. These words, therefore, merely declare the judicial construction which the constitution would have borne without them."

See also State ex rel. Winter v. Sayre, 118 Ala. 1, 24 So. 89; State ex rel. Vandiver v. Burke, 175 Ala. 561, 567, 57 So. 870.

The holdings of this court so far as we are aware have consistently held to the pronouncement of the foregoing cases, the last expression of such opinion being in Boyd v. Garrison, 246 Ala. 122, 19 So.2d 385, 388, that "Under section 139, Constitution, the legislature may by law invest any person with powers of a judicial nature."

A study of §§ 330(22) (42), Title 62, Code of 1940, 1951 Pocket Part, shows that it was the intention of the legislature to invest the Personnel Board of Jefferson County with powers of a judicial nature. For example, it gave the Board power to subpoena and swear witnesses, to take testimony and to make findings of fact and law. It gave to the Board power to punish for contempt. The findings of the Board are res adjudicata. At this point it is well to state that while the decisions in other jurisdictions are some for and some against the position here taken, so far as we are aware, there is no constitutional provision in the other states which is similar to the provisions of § 139· of the Alabama Constitution to which we have specifically referred.

■ We believe that if the Personnel Board in the case at bar was acting in a judicial capacity in trying the charges against Henry L. Darnell, it likewise was within legislative competency to authorize an appeal to the circuit court with a de novo trial.

This court has held that a proceeding before a Board of Education to remove a school teacher under the teacher tenure law is a quasi judicial proceeding. State ex rel. Steele v. Board of Education of Fairfield, 252 Ala. 254, 40 So.2d 689. In State ex rel. Miller v. Aldridge, 212 Ala. 660, 103 So. 835, 39 A.L.R. 1470, this court held that a proceeding before the Alabama State Board of Public Accountancy to revoke a certificate of qualification to practice accountancy in which the law authorized revocation only for cause and after notice and hearing, was a quasi-judicial proceeding and partook so much of the character of a judicial proceeding that a member of the board was subject to the same rules of

disqualification for bias as are applicable to the judges of courts.

There are other instances where this court has held that an appeal will lie from an order of an administrative board to the circuit court with a trial de novo. State v. Pollock, 251 Ala. 603, 38 So.2d 870, 7 A.L.R.2d 757. See State v. Louis Pizitz Dry Goods Co., 243 Ala. 629, 11 So.2d 342. We also call attention to the case of Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244, where the court referred to the power of the circuit court to try de novo an issue tried by a zoning board. In Hawkins v. Vines, 249 Ala. 165, 30 So.2d 451, there was an appeal to the circuit court from the order of the State Board of Registrars denying registration. To like effect see Williams v. Wright, 249 Ala. 9, 29 So.2d 295.

In the case of Tyson v. Arn, 259 Ala. 681, 68 So.2d 526, reference was made to the right of appeal to the circuit court which would determine whether or not the board was justified from the evidence submitted to it in ruling as it did. While there was no discussion of the present subject, it does not appear that the court hesitated to consider that the circuit court had jurisdiction of the appeal from the Personnel Board. The same may be said of the recent case of Jordan v. City of Mobile, 260 Ala. 393, 71 So.2d 513.

We call attention to the fact that many years ago the Legislature of Alabama by special act granted divorces and would have the power to do so now except for constitutional prohibition. Jones v. Jones, 95 Ala. 443, 11 So. 11, 18 L.R.A. 95. Today the power to grant divorces is invested solely in the judicial department of the government. We think it well to refer to the case of Fox v. McDonald, 101 Ala. 51, 13 So. 416, 21 L.R.A. 529, 46 Am.St.Rep. 98. In Fox v. McDonald, supra, it is shown that many powers may be properly assigned to any department but that some governmental officers clearly assigned by the constitution to one department may be invested with powers having the nature of powers belonging to another department. See also In re Appointment of Revisor of Statutes, 141 Wis. 592, 124 N.W. 670.

In Trustees of Village of Saratoga Springs v. Saratoga Gas, Electric Light & Power Co., 191 N.Y. 123, 83 N.E. 693, 695, 18 L.R.A.,N.S., 713 it is pointed out that Justice Story in his work on the Constitution, vol. 1, § 525, referring to the distribution of the three great powers of government,—legislative, executive and judicial,—says:

" 'But, when we speak of the separation of the three great departments of government, and maintain that that separation is indispensable to public liberty, we are to understand this maxim in a limited sense. It is not meant to affirm that they must be kept wholly and entirely separate and distinct, and have no common link of connection or dependence, the one upon the other, in the slightest degree. The true meaning is that the whole power of one of these departments should not be exercised by the same hands which possess the whole power of either of the other departments and that such exercise of the whole power would subvert the principles of a free Constitution. * * *' "

But it is claimed that our cases dealing with utility rate making where there is an appeal from the order of the Public Service Commission to the circuit court is contrary to what we have been saying. In this connection we refer to City of Birmingham v. Southern Bell Telephone & Telegraph Co., 234 Ala. 526, 176 So. 301; Alabama Public Service Commission v. Southern Bell Telephone & Telegraph Co., 253 Ala. 1, 42 So.2d 655. In these cases the statute under which the appeal was taken does not provide for a trial de novo, which is different from the situation here. But in those cases we said that the order of the Public Service Commission in fixing rates is legislative and not judicial. We do not by this decision mean in any way to depart from the pronouncement of those cases. Rate fixing is legislative and not judicial, but in the present instance an order dismissing an employee under the procedure set up in the statutes, is essentially judicial. The very nature of the

order discloses its judicial quality. In Grider v. Tally, 77 Ala. 422, 54 Am.Rep. 65, it was said: "Judicial power is authority vested in some court, officer or person, to hear and determine, when the rights of persons or property, or the propriety of doing an act, are the subject matter of adjudication." There is the often quoted definition by Justice Holmes in Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 226, 29 S.Ct. 67, 69, 53 L.Ed. 150, "A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end."

We agree with the circuit court when it said, "We are clear to the conclusion that if the legislature can validly require a judicial officer to appoint another to such office, which is in no way connected with the court, the legislature surely may validly require that the judicial officer remove an appointee from such office either with or without cause, because the power to appoint carries with it the power to remove in the absence of constitutional or statutory limitations." Touart v. State ex rel. Callaghan, 173 Ala. 453, 56 So. 211.

Our attention has been called to certain statements contained in the case of Heck v. Hall, 238 Ala. 274, 190 So. 280, in which the court upheld the constitutionality of the State Civil Service System. The statement that the power and authority delegated to the civil service commissioners is not considered as being a delegation of judicial functions but merely a delegation of administrative powers and duties was not necessary to a decision of that case and should not be considered as authority to the proposition that administrative boards such as are here involved should be deprived of the right to have judicial powers and functions conferred upon them under § 139 of the Constitution of 1901.

The lower court referred to the many statutes in this state which provide for de novo trial in the circuit court on appeal from an order of an administrative board. We think it worth while to set out the statutes to which we have been referred.

Title 46, § 82, Code of 1940, providing for a de novo trial in the circuit court on an appeal from a decision of state licensing board for general contractors which either denied an application for license or revoked a license.

Title 46, § 94, Code of 1940, providing for a de novo trial in the circuit court on an appeal from a decision of the board of dental examiners which suspended or revoked the license of a dentist.

Title 46, §§ 278–285, Code of 1940, providing for a de novo trial in the circuit court on an appeal from a decision of the state board of medical examiners which revoked a certificate of qualification of a physician. Moreover, Title 46, § 286, provides that an appeal may be taken from the judgment of the circuit court in such cases and that the supreme court on the appeal may render such judgment as it deems proper.

Title 62, § 719, Code of 1940, providing for a de novo trial in the circuit court on an appeal from any final judgment of the Board of (Zoning) Adjustment of the City of Birmingham.

Title 26, § 221, Code of 1940, providing for a de novo trial in the circuit court on an appeal from a decision of the board of appeals in unemployment compensation cases.

Title 51, § 110, Code of 1940, providing for a de novo trial in the circuit court on an appeal from a ruling of the board of equalization fixing the value of property for purposes of taxation.

Title 37, § 783, Code of 1940, providing for a de novo trial in the circuit court on appeal from a final judgment of the board of zoning adjustment.

An Act of the Legislature approved September 5, 1951, Acts of 1951, p. 1225, § 2 pp. 1227–1228, reprinted as Title 36, § 74 (43) in the 1951 Cumulative Pocket Part, providing for a de novo trial in the circuit court on an appeal from an order or decision of the director of public safety under the motor vehicle safety-responsibility act.

Title 62, § 286, Code of 1940, providing for a de novo trial in the circuit court on an appeal from a judgment of the board of cosmetological examiners, which denied an application for a license or revoked a license.

Title 62, § 257, Code of 1940, providing for a de novo trial in the circuit court on an appeal from a judgment of the Jefferson County Barber Commission which refused an application for, or suspended or revoked a license.

Title 37, § 783, Code of 1940, providing for a de novo trial on an appeal to the circuit court from a final judgment of the board of zoning adjustment of towns and cities generally.

An Act of the Legislature approved August 15, 1951, Acts of 1951, p. 745, § 14, p. 756, reprinted as Title 46, § 311 (14) of the 1951 Cumulative Pocket Part, providing for a de novo trial in the circuit court on an appeal from any ruling, order or decision of the Alabama Real Estate Commission.

An Act of the Legislature approved September 11, 1951, reprinted as Title 5, § 267 in the 1951 Cumulative Pocket Part, providing for a de novo determination by the Circuit Court of Montgomery County of the justifiableness of an order or act of the bureau of loans or of the supervisor of such bureau.

Sections 231–253, Title 17, Code of 1940, provide for a de novo determination by the circuit court and probate court of the declarations of results of elections by election boards. Of course, the election officers who make such declarations of results are *quoad hoc* administrative agents.

We conclude that the circuit court had jurisdiction of the appeal from the order of the Personnel Board and acted correctly in striking the motion of Ray Mullins, Director of Personnel, to dismiss the appeal.

■ In logical sequence the question which next arises is whether the director could prefer charges against the employee. In determining this question we must look to the statute and in construing the statute we must certainly give effect to each part of the statute, if possible, without doing violence to some other portion of the law. Ex parte State ex rel. King, 233 Ala. 318, 171 So. 892.

Without going into too great detail, we think it is safe to say that the statute, §§ 330(21) to 330(48), Title 62, Code of 1940, 1951 Pocket Part, is divided into four parts, (1) the creation of the Personnel Board with its powers and duties, (2) the creation of a Supervisory Commission with its powers and duties, (3) the creation of the office of Personnel Director with his powers and duties and (4) the rights and duties and control of employees. In its broadest terms the statute vests the government and control of the employees in the Board. § 330(22). In trying to determine the authority of the director it seems to us that we should look to the sections relating to the director. Under § 330(31) the director is made the executive officer of the Board and in addition thereto he must perform any other duties assigned to him by the Board. Some of the duties of the director are set out in § 330(32), which bears the heading, "Duties of personnel director." In this section we find that, "The director of personnel, subject to the provisions of this subdivision and approval of the personnel board, shall: * * * Enforce the provisions of this subdivision and the rules and regulations prescribed by the personnel board." Under § 330(33) it is the duty of the personnel director to make "investigations and report to the personnel board upon all matters touching the enforcement and the effect of the provisions of this subdivision and the rules and regulations prescribed thereunder." In making such investigations he is authorized to subpoena witnesses and conduct hearings.

■ In the light of the foregoing sections of the statute, should it be said that the director is empowered to enforce the law and the rules and regulations of the board but this cannot be construed to mean the preferring of charges? Consider the meaning of the word "enforce". In 30 C.J.S., Enforce, page 245 is found this defi-

nition: "Enforce. In general, to cause to be executed or performed, to cause to take effect, or to compel obedience to, as to enforce laws or rules". It is conceded that the director is enforcing the law when he recruits personnel, supervises transfers, etc., but can it be said that he is without authority to enforce the law when the employee is guilty of misconduct? The law and the rules and regulations of the Board make misconduct of an employee a ground for dismissal or other disciplinary action. Can it reasonably be said that the director can enforce all of the law and all of the rules and regulations of the Board except those relating to misconduct and incompetency of an employee? No such exception is stated in the law and we find ourselves unwilling to write such exception into the law. It does not seem to us that we should say that the director can make investigations regarding the enforcement of the law and the rules and regulations of the Board unless he can remedy and take action against those violating the same.

■ Let us consider § 330(42). This section in short provides, among other things, (1) that an appointing authority may dismiss an employee for the good of the service and it gives the dismissed employee an appeal to the board and (2) that an officer, citizen or taxpayer of the state may file charges against employees with the director. In other words, under this section an appointing authority is given the authority to dismiss an employee but officers, citizens or taxpayers are given authority to prefer charges. We do not believe that the giving of such authority to the appointing authority and the officers, citizens and taxpayers of the state should affect the authority already vested in the director to enforce the law and the rules and regulations of the board. Neither expressly or by implication does it appear that disciplinary action can only be taken under § 330(42). The fact that certain persons have been given such authority in addition to the director, should not take away the authority from the director, if the director already had the authority to enforce the law, which means as we see it that if the director had the right to bring charges

against employees, there was no necessity to repeat such authority in § 330(42). This section gives the persons named therein the right to take similar action.

■ It is a well known rule of construction that where there is doubt about the proper construction of a statute the contemporaneous construction placed thereon by the officers authorized to construe and administer the law is entitled to favorable consideration and there is a strong presumption as to its correctness, where such has been followed for a long time. Miller v. State ex rel. Peek, 249 Ala. 14, 29 So.2d 411, 172 A.L.R. 1356. If the statute is of doubtful meaning, it seems to us that the contemporaneous construction to which we have referred should aid in the construction and meaning of the statute. As we understand it the law was first enacted in 1935 and the first charges were filed by the director in 1938 and they have been filed continuously since that time. This practice has been in force for about fifteen years and appears never to have been questioned until the present time. During the time this practice has been in force the legislature amended the Act of 1935 by the Acts of 1939 and in 1945 wrote a new law which was amended in 1947 and yet at no time was any effort made to remedy this practice. Certainly if the legislature did not see fit to do it, we do not believe that the courts should now undertake by construction to change this practice.

We believe that the interpretation which is here put upon the law brings into harmony all parts of the law and the entire Act has meaning and accomplishes the purposes intended by the law. We refer again to the case of State ex rel. Steele v. Board of Education of Fairfield, supra, because it is in some respects analogous to the situation here discussed in the case at bar. The foregoing case arose out of the cancellation of a teacher's contract under the Teacher Tenure Law set up in §§ 351 to 361, Title 52, Code of 1940. Section 356, Title 52, Code of 1940, provides: "Cancellation of an employment contract with a teacher on continuing service status may be made for incompetency, insubordination,

neglect of duty, immorality, justifiable decrease in the number of teaching positions, or other good and just cause; but cancellation may not be made for political or personal reasons." So far as we can ascertain there is no statement in the foregoing statute as to who may prefer the charges for the cancellation of the contract yet in the case of State ex rel. Steele v. Board of Education of Fairfield, supra, the Superintendent of Education, the Chief Executive Officer of the Board, caused the Board to cancel the teacher's contract for insubordination.

In summation let us say that under § 330(32) the director is required to enforce the law and the rules and regulations and but for § 330(42), there could be no argument but that the director is authorized to prefer charges. As we have said, § 330(42) does not take away the director's authority in this respect but merely confers on the appointing authority the right to dismiss an employee and authorizes charges to be filed by officers, citizens or taxpayers of the state and prescribes the procedure when such action is taken.

We feel that these sections are in harmony under our interpretation when effect and meaning is given as to each section.

We, therefore, have reached the conclusion that the court below was in error in holding that the Personnel Director was not authorized to prefer charges against the employee, Henry L. Darnell.

■ Since we hold that Ray Mullins, as Director of Personnel, was authorized to prefer charges against Henry L. Darnell, we find it unnecessary to review further action by the lower court except that for the future guidance of the court we feel that we should pass on the question as to whether Henry L. Darnell forfeited his position, if he had a position, with the City of Birmingham by becoming a candidate for public office during the pendency of his appeal to the circuit court. The particular part of the statute which is here applicable is found in § 330(45), which provides as follows:

"No employee shall be a member of any national, state, or local committee of a political party, or an officer of a partisan political club, or a candidate for nomination or election to any public office, or shall take any part in the management or affairs of any political party or in any political campaign, except to exercise his right as a citizen privately to express his opinion and to cast his vote. Any officer or employee under the jurisdiction of this subdivision who violates any of the foregoing provisions of this section shall forfeit his office or position."

The proof shows that on February 28, 1953, Henry L. Darnell qualified with the Democratic Executive Committee as a candidate for Commissioner of the City of Birmingham, which primary elections were to be held May 5, 1953 and June 2, 1953. The statute provides that when an employee qualifies for public office he shall forfeit his office or position. The word "forfeit" is defined in 37 C.J.S., page 2, as follows:

"In its primary sense the word has been defined as meaning to lose; and this is also its legal meaning. More specifically, to become, by one's own act or omission, liable to be deprived of; to lose or to lose the right to; * * * to lose and surrender to an individual or the state (something which belongs to one) for misconduct, * * *."

■ We think that at the time Henry L. Darnell qualified with the Democratic Executive Committee as a candidate for Commissioner of the City of Birmingham under the foregoing statute, he forfeited his position, if he held a position, in public service and all rights incidental thereto that are provided by law.

It results that the decree of the lower court is reversed and the foregoing causes are remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.