56 So.2d 346

## Ex parte HUSTON.
### 3 Div. 627.

Supreme Court of Alabama.

Jan. 17, 1952.

Morel Montgomery, Birmingham, for petitioner.

John R. Matthews, Jr., and Ball & Ball, Montgomery, for respondent.

LIVINGSTON, Chief Justice.

Petition for writ of prohibition, mandamus or other remedial writ, ordering or directing Hon. Walter B. Jones, Judge of the Circuit Court, in equity, of Montgomery County, Alabama, to refrain from further hearing that certain cause of Ruth Huston v. James Leroy Huston, Case No. 22782, pending in the Circuit Court, in Equity, of Montgomery County, Alabama, and to restrain him from enforcing any and all orders he has heretofore made in said cause, and from all further proceedings in said cause in order that the entire subject matter of said cause be determined in the Circuit Court, in Equity, of Jefferson County, Alabama.

This is a companion case with the case of Huston v. Huston, ante, p. 494, 55 So.2d 922. The cases were argued and submitted together.

In Case 3 Div. 620, James Leroy Huston appealed from a decree of the Circuit Court, in Equity, of Montgomery County, Alabama, overruling his motion to discharge and motion to dissolve a temporary injunction enjoining and restraining the appellant from prosecuting a divorce proceeding previously commenced by him in the Circuit Court, in Equity, of Jefferson County, Alabama.

This court, in Case 3 Div. 620, held, in effect, that the Circuit Court, in Equity, of Jefferson County, Alabama, having first taken cognizance of the case, has the right to retain it, to the exclusion of the Circuit Court, in Equity, of Montgomery County, and reversed the Circuit Court, in Equity, of Montgomery County for refusing to dissolve the temporary injunction theretofore granted by it.

Like reasons compel the granting of the writ of prohibition in the instant case, 3 Div. 627. See Ex parte Burch, 236 Ala. 662, 184 So. 694; Glazner v. Jenkins, Judge, 237 Ala. 262, 186 So. 475. We deem it un-

necessary to here further develop the facts of the controversy between the parties. They are fully set out in Case 3 Div. 620.

Writ of prohibition granted as prayed.