120 So.2d 429

Paul E. McMAHAN

v.

Howard YEILDING et al.

6 Div. 87.

Supreme Court of Alabama.

March 10, 1960.

Rehearing Denied May 19, 1960.

John A. Jenkins, Birmingham, for appellant.

Huey, Stone & Patton, Bessemer, for appellees.

SIMPSON, Justice.

This case was heretofore assigned to two other Justices in the order of their ascendancy to the bench of this court, and was on January 11, 1960 reassigned to the writer for study and preparation of the opinion.

Appellant, Paul E. McMahan, was a detective for the City of Birmingham and as such was a permanent classified employee under the Civil Service System of Jefferson County. Charges were preferred against appellant before the City Commission of the City of Birmingham on the following grounds:

(1) That he had conspired with other detectives to threaten the Chief of Police in order to get his efficiency grades raised;

(2) That he had improperly given money to a superior officer.

The City Commission found appellant not guilty of the first charge, and guilty under the second and suspended him from duty without pay for thirty days.

Subsequently, on January 9, 1953, the Director of Personnel preferred charges against appellant of conduct unbecoming an employee, based upon the same charges. After a hearing, the Personnel Board of Jefferson County found appellant guilty un-

der both charges and demoted him from detective to patrolman. Appellant's petition for certiorari was granted by the Circuit Court of Jefferson County and that court affirmed the decision of the Personnel Board. From that judgment this appeal is taken.

Appellant contends that (a) the action of the Personnel Board was illegal and void as being contrary to the principle of res adjudicata, appellant having been tried on the same charges by the City Commission; and (b) the Personnel Board did not have authority under the then applicable statute to demote.

■ The action of the City Commission did not constitute a bar to subsequent action by the Personnel Board of Jefferson County, and the principle of res adjudicata is inapplicable. As was noted in 50 C.J.S. Judgments § 606, p. 29:

"A decision rendered by an officer or a board of state or municipal officers, or a commission, when acting judicially, or quasi-judicially, and within his or its jurisdiction, and having by law the force and effect of a judgment, is a bar to further actions on the same matter between the parties or their privies, but, if such an officer or board does not act judicially in the particular matter, but ministerially or administratively, or if the decision is not recognized by the law of the forum as a judgment, it is no bar to further proceedings in relation to the same matter; and the power of an administrative body or agency to reconsider its own findings or orders has no relation to, and is not affected by, the doctrine of res judicata. The test, in determining whether the doctrine applies to the decisions of such officers or boards, has been said to be whether the particular decision was judicial in its nature and effect, and not the mechanics of the proceeding."

The statutes governing this case are those governing Jefferson County, prior to the 1953 amendments. So the citations will be those prevailing when some sections were amended in 1947.

Title 62, § 631, Code of Alabama of 1940 extends to the City Commission the power to hire and fire employees, subject, however, to the provisions of any civil service law applicable to the city. The proceedings under which the appellant was demoted by the Personnel Board of Jefferson County were brought under Title 62, § 330(42), Code of Alabama of 1940, 1949 Pocket Part (General Acts of Alabama 1947, p. 398), which provides: "In addition to removal by an appointing authority, an employee may be removed or disciplined in the following manner", setting out the procedure by which the Personnel Board may entertain charges against an employee at a public hearing and find facts and law and certify its finding to the appointing authority who shall forthwith put the same into effect. The decision of the Board is made final, the 1947 amendment to said statute providing for review by the Circuit Court. The procedures prescribed by the act were followed in this case. The appellant simply contends that the action of the Board was barred by the principles of res adjudicata.

Title 62, § 330(22), Code of Alabama of 1940 (General Acts of Alabama 1945, p. 377) vests the Personnel Board of Jefferson County with the authority to "make rules and regulations", etc., governing all civil service employees.

We have previously held in Ex Parte Darnell, 262 Ala. 71, 76 So.2d 770, that in its broadest terms the statute vests the government and control of employees in classified civil service in the Board. The Personnel Director is authorized to submit to the Board for its consideration and approval such rules and regulations as are necessary to carry out the provisions of the act, "including the rules governing examinations, appointments, suspensions, dismissals, certification of eligibles, reduction in force, sick leave, leave of absence, resignation, re-

instatements, promotions, *demotions,* transfers, salary adjustments, and any and all other rules and regulations necessary for administering a scientific and economical personnel system." (Emphasis supplied). Title 62, § 330(32), Code of Alabama of 1940 (General Acts of Alabama 1947, p. 227).

It is obvious from a reading of the statutes involved that the Legislature has vested the Personnel Board with authority to govern civil service employees and to hear and determine matters relating to discipline, etc. It is manifest then that the Legislature never intended acts of the appointing authority (the City Commission) to constitute a bar to subsequent action by the Board. Obviously, then, action taken by the appointing authority is action of an administrative or ministerial nature and the doctrine of res adjudicata has no place here.

In Civil Service Commission of North Little Rock v. McDougal, 198 Ark. 388, 129 S.W.2d 589, 591, where the facts were very similar to the ones at hand, the Court noted that the action of an appointing authority (there the Executive Head of the Department, the Chief of Police) is not a bar to disciplinary proceeding by the Civil Service Commission, and pointed out that the statute directed the Commission to "prescribe, amend and enforce rules and regulations governing the fire and police departments". Further that court pointed out that authority in the appointing authority "must be read in connection with the expressed purpose of the statute, and 'force of law' " is not to be given the action of the appointing authority unless specifically provided by the Legislature, which was not so under that statute. The court further pointed out that the construction that the "Commission * * * automatically loses its supervisory powers, and must abide the judgment or even the caprice" of an appointing authority, if adopted, would regardless of the offense render the Board helpless in a case where the appointing authority has previously acted.

We are unable to say that the Legislature ever intended to bar action by the Personnel Board in cases wherein the City Commission had previously acted. Clear canonical construction could not operate to such a result.

The appellant also takes the position that demotion is not a punishment authorized by the Act, as then extant, on the maxim expressio unius est exclusio alterius. In construing the powers of personnel boards we said, in Jordan v. City of Mobile, 260 Ala. 393, 71 So.2d 513:

"The maxim expressio unius est exclusio alterius expresses a rule of construction and not one of substantive law and its only service is as an aid in discovering legislative intent when it is not otherwise manifest. [It] does not prevail in construction of statutes where, to follow the maxim, will lead to an unjust result contrary to legislative intent."

Title 62, § 330(42) (General Acts of Alabama 1947, p. 398) vests in the Board authority to "remove or discipline", also the act provides the appointing authority which has dismissed an employee in the manner provided may appeal to the Circuit Court from a decision or order of the Personnel Board reinstating such employee to duty (irrespective of whether such decision or order of the Personnel Board imposes upon such employee some punishment short of dismissal). Authority to demote is granted in the authority to discipline. We are of the opinion that to give effect to this maxim to the case at hand would lead to a result manifestly contrary to the intention of the Legislature.

Moreover, appellant must have overlooked the provision in Title 62, § 330(32), supra, (General Acts of Alabama 1947, p. 227) which authorizes the Personnel Board to adopt rules and regulations as are necessary to carry out the provisions of the Act "including the rules governing * * * demotions * * *".

We entertain the view the trial court ruled correctly on the matters assigned as error on this appeal.

Affirmed.

LAWSON, STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.