129 So.2d 664

Dan R. HUDSON et al., Members of Personnel Board of Jefferson County et al.,

v.

King SPARKS, Jr.

6 Div. 497.

Supreme Court of Alabama.

March 30, 1961.

Rehearing Denied May 18, 1961.

Huey, Stone & Patton, Bessemer, for appellants.

Graham, Bibb, Wingo & Foster, Birmingham, for appellee.

MERRILL, Justice.

This is an appeal from the issuance of a writ of prohibition by the Circuit Court of the Tenth Judicial Circuit of Jefferson County, restraining and prohibiting appellants, individually and as members of the

Personnel Board of Jefferson County, Alabama, and the Personnel Director (respondents below) from holding a public hearing on charges that had been filed by the Personnel Director against appellee, Superintendent of the Park and Recreation Board of the City of Birmingham (petitioner below).

Appellants have also submitted the cause in the alternative on petition for mandamus on the theory that if we hold with their contention that the Personnel Board is not subject to suit, then the judgment appealed from would be void and would not support an appeal.

On September 25, 1958, the Classification Branch of the Personnel Board of Jefferson County (hereinafter referred to as Personnel Board) initiated an audit of all classified positions on the staff of the Park and Recreation Board. The Civil Service Law requires that such an audit be conducted at least once every five years. This survey was conducted by Richard Tannehill, who is employed as a job analyst.

Tannehill was unable to ascertain from the employees of the Park and Recreation Board (hereinafter referred to as Park Board) exact job descriptions or information as to where their responsibilities began and ended. He so reported to Director Mullins, who then directed him to make a survey of all the employees to ascertain methods of handling the work, hours of work, attendance, training, working conditions and morale of the employees, as authorized by what is listed as Tit. 62, § 330 (33) (34), 1955 Pocket Part. Some two and one-half months were spent in making the survey and it was filed with the Personnel Board on February 9, 1959, and a copy furnished the Park Board. It was also made available to the press.

The Park Board called a special meeting and after meeting for an hour, gave a statement to the press that they were behind their superintendent of parks, the appellee.

On February 25th, the President of the Park Board, Raiford Ellis, wrote the Personnel Board and the Director of Personnel replied on March 4th, asking the Park Board "to fix responsibility and take corrective actions." The Park Board, if it took any action, did not notify the Personnel Board, and the Director filed charges against appellee, the superintendent of parks, and the administrative officer of the Park Board on March 25, 1959.

Appellee appeared before the Personnel Board, through his attorney, and filed a motion for the members of the Personnel Board to recuse themselves. The Board overruled this motion and set April 15th as the date for the public hearing on the charges.

On April 4th, appellee filed his petition in circuit court for a writ of prohibition. It was submitted to Presiding Judge McElroy and he granted a rule nisi against the members of the Personnel Board in their official and individual capacities. When the petition for prohibition came on to be heard, the Chief Justice appointed Judge Rueben Wright of Tuscaloosa to hear it. Much testimony was taken at the hearing on September 9, 1959, and the court ordered the issuance of the writ and "that respondents (the Personnel Board) be, and they are hereby, ordered and directed to take no further action on and to proceed no further with the charges and trial referred to in the petition herein, as last amended, and that the respondents be, and hereby are, restrained and prohibited from doing so."

The court was evidently of the opinion that the charges were against the Park and Recreation Board and not against Sparks, the superintendent, and that any violations were the responsibility of the Park Board and should not be charged to appellee.

The thirteen charges are summarized in appellants' brief and they are copied below. Sparks is charged with being guilty of inefficiency or neglect of duty as follows:

1. "That he has failed to adequately provide for the care and maintenance of the grounds and properties (of the Park Board) and as a proximate consequence thereof a

substantial portion of them are in a bad state of repair and have seriously deteriorated."

2. "That he has failed to adequately supervise or provide adequate supervision for said personnel (of Park Board) and as a proximate consequence said personnel has engaged in extravagant and unproductive practices, such as idleness on the job, performance of unauthorized work and the unauthorized use of equipment owned by the Park and Recreation Board."

3. "That he has failed to establish an effective system for controlling maintenance work of the grounds and physical properties (of Park Board) or if such a system was established, he has failed to properly enforce said system."

4. "That he has been guilty of inefficiency in this respect in that he has failed to establish such a system for controlling the issuance and use of gasoline and oil for such equipment, or if such a system existed, he has failed to properly supervise and enforce the same."

5. "That he has failed to establish and enforce an effective system to control the issuance and use of such expendable items of supply (lumber, small hand tools, shovels, picks, light bulbs, paint, pipe, soaps, cleaning compounds, floor wax, electrical and plumbing supplies)."

6. "That he has failed to establish adequate payroll and accounting procedures for said Park and Recreation Board or if such procedures have been established, he has failed to properly supervise the personnel engaged in the performance of such work."

7. "That he has failed to establish adequate payroll and accounting procedures for said Park and Recreation Board or if such procedures have been established, he has failed to properly supervise the personnel engaged in the performance of such work, and as a proximate consequence thereof, the names of persons have been placed on payrolls who did not exist or the names of persons were shown on payrolls who did not perform the services for which payments were made, and hourly laborers have been paid for hours that they did not work."

8. "That classified and unclassified employees have performed unauthorized work for compensation at times when they were on the payrolls of said Park and Recreation Board and receiving pay from the City of Birmingham."

9. "That he knew or should have known that some of the personnel (of the Park Board) used equipment and gasoline of said Park and Recreation Board on work other than that of the said Park and Recreation Board for which they received compensation."

10. "That he knew or should have known that some of the Park and Recreation Board personnel or members of their families were allowed, given or permitted to have special benefits or privileges of a monetary value or otherwise."

11. "That he has failed to adequately supervise, audit and control the leases made by the Park and Recreation Board of its properties and for concessions."

12. "That he has failed to establish an effective system for purchases under $500.00, or if such a system has been established he has failed to properly supervise the personnel making such purchases."

13. "That he has failed to establish effective systems, procedures and controls of the operations, properties and personnel of said Park and Recreation Board, or if such were established, they are not properly supervised or enforced, and as a proximate consequence, the following resulted: a substantial part of the physical properties and grounds have not been properly maintained and are in a bad state of repair; equipment, gasoline and oil have been used for unauthorized work and purposes; payrolls have been padded and payments made where the names of the persons appearing on the pay-

roll were ficticious or unknown, and payments have been made for services not rendered; special treatment, benefits or privileges accorded to some personnel; an almost total absence of supervision and control over the issuance of supplies of an expendable nature, and the purchase of supplies and materials where the amounts of the purchase are less than $500.00; and the records made and kept of the operations are insufficient."

Appellee contends that the judgment of the lower court should be affirmed for the following reasons: (1) the Personnel Board was without jurisdiction because the charges undertake to hold him liable with respect to matters which lie solely within the jurisdiction of the City Commission or the Park Board and with respect to which he has no responsibility, duty or authority; (2) the charges against him are void because they are vague, indefinite and uncertain; (3) the Personnel Board should be required to recuse themselves because of bias or prejudice against him.

Appellants contend that a writ of prohibition is not the proper remedy. We agree.

The appropriate remedy to require a judge or other judicial officer to recuse himself on account of bias or prejudice is mandamus. Fulton v. Longshore, 156 Ala. 611, 46 So. 989, 19 L.R.A.,N.S., 602; State ex rel. Burns v. Phillips, 250 Ala. 120, 33 So.2d 239, and cases there cited. This in no way impinges upon the right to raise the point by motion to have the judge recuse himself.

In trying charges against a classified employee of the City of Birmingham, the Personnel Board acts in a judicial capacity. Ex parte Darnell, 262 Ala. 71, 76 So.2d 770.

Generally, a writ of prohibition will not be awarded by our courts unless the petition shows on its face that the court or tribunal does not have jurisdiction to do or perform an act of a judicial nature which it is proposing to do or perform. Ex parte Wilson, 269 Ala. 263, 112 So.2d 443; Donahoo v. St. John, 253 Ala. 604, 46 So.2d 420. A writ of prohibition will issue even when a court does have jurisdiction, when a court of concurrent jurisdiction has already assumed and is exercising jurisdiction. Ex parte Huston, 256 Ala. 562, 56 So.2d 346; Ex parte Burch, 236 Ala. 662, 184 So. 694, but the latter statement has no application in the instant case.

Here, the Personnel Board admittedly had jurisdiction of Sparks, an employee of the city under the classified civil service. The Personnel Board, under Rule X, 10.1, has the right to dismiss or demote any such employee for inefficiency or neglect of duty. Each of the charges preferred against Sparks by the Director of Personnel was based on inefficiency and neglect of duty. It is evident that the Personnel Board had jurisdiction of the person and of the subject matter.

Conceding that the charges were not sufficiently certain and definite to support the general subjects of inefficiency and neglect of duty, and that the proceedings show that there is no authority to remove or take any action against him upon the allegations of fact set up, still the Board would not, at the present stage of the proceedings, be without jurisdiction. Tyson v. Arn, 259 Ala. 681, 68 So.2d 526. The question raised by a writ of prohibition "is one involving judicial power, and not one of efficient pleading of a litigable right." Ex parte State ex rel. Martin, 200 Ala. 15, 75 So. 327, 328. The Civil Service System statutes governing Jefferson County, Pocket Part, 1940 Code, listed as Tit. 62, §§ 330(21)–330(48), Appendix, 1958 Recompilation, Vol. 14, §§ 645–672, provide for an appeal to the circuit court from any action taken by the Personnel Board.

We are constrained to hold that prohibition does not lie in the instant case and the judgment of the lower court must be reversed. Appellee has cited no Alabama

authorities to show that prohibition is the proper remedy. The cases cited from other jurisdictions are not apt authority because those jurisdictions do not appear to limit the use of the writ to jurisdictional matters as is done in this State.

In view of the reversal of the judgment and the remandment of the cause, we deem it fitting to make some observations which should be of benefit to those concerned in subsequent proceedings.

■ We have carefully read and considered the record, which consists of over 390 pages. There is a strong inference that a serious difference of opinion exists between members of the Personnel Board and the Park Board as to how the Park Board should operate. Since both Boards are creatures of the legislature, the Personnel Board has no voice in the policies and decisions of the Park Board except as they relate to personnel under the classified service.

One way to publicize the policies of the Park Board is to prefer charges against the chief administrative officer of the Park Board, charging him with inefficiency and neglect of duty. It is very evident that these charges were preferred because the Park Board did not comply with the request of the Personnel Director that "additional positive steps will be taken by you at an early date to fix responsibility and take corrective actions in regard to these unfortunate and unpleasant matters."

From the record before us, it is impossible to negate the impression that the charges preferred by the personnel director are aimed at management practices and policies of the Park Board rather than at Sparks. It would seem just as unreasonable for the director to prefer charges against the Chief of Police of Birmingham for inefficiency and neglect of duty when some of the patrolmen were guilty of larceny while on duty.

It is hardly reasonable that the head of an extensive department should be charged with neglect of duty or inefficiency because some file clerk used an inefficient method of filing, or took an unauthorized coffee break. This is no more ridiculous than some of the evidence submitted to show that Sparks was guilty of neglect of duty or inefficiency.

The record shows that the person responsible for the padded payrolls had been discharged prior to the filing of the Tannehill survey, and the person responsible for misuse of the vehicles had also been discharged. The undisputed testimony is that the Park Board, and not Sparks, made decisions as to auditing practices.

We would not be understood as saying the record shows the Park Board to be blameless. The admitted resentment of some of the members against the Personnel Board arising out of the Tannehill survey and the handling of its release to the public has probably colored some of its official actions.

We think it appropriate to express the hope that the Personnel Board will not make Sparks the scapegoat because it does not agree with the way the Park Board is handling the park and recreation program of Birmingham.

For such help as it may be, we summarize our holding as to the contentions made on this appeal and based on this record:

(1) Prohibition does not lie in this proceeding.

■ (2) Appellants' contention that the Personnel Board is not subject to suit is without merit.

(3) The judgment of the trial court is not therefore void, and supports the appeal.

■ (4) The alternative petition for mandamus to this court need not be considered since appeal does lie.

■ (5) The thirteen charges against Sparks are not sufficiently certain, and unless amended to show with more specificity

that Sparks was doing other than the will, direction and orders of his superior, the Park Board, the hearing on the charges should not be held.

(6) The record does not disclose sufficient evidence to require the recusal of the members of the Personnel Board, they being the only persons designated by the legislature to hear and determine charges properly brought.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY, J., concur.

LAWSON, J., concurs in the result.