The Alabama Surface Mining Reclamation Commission, an agency created by the legislature, appeals from a judgment of the Circuit Court of Jefferson County reversing an order of the Commission finding defendants Jolly and Slatton in violation of the Alabama Surface Mining Reclamation Act of 1975. The judgment of the circuit court, though rendered after hearing de novo as provided by § 9-16-51 (b), Code of Alabama (1975), was that the Commission was without jurisdiction to enter its order. It did not decide the matter upon the merits but remanded it to the Commission for further proceedings.
The decision of the trial court was founded upon certain provisions of § 9-16-51 (a) of the Code which are inter alia as follows:
 "(a) Whenever a verified complaint is filed with the commission alleging that any operator is in violation of this article or rules and regulations of the commission, the commission may cause to have issued and served upon the person alleged to be committing such violation a written notice which shall specify the provision of this article and/or the rules and regulations of the commission which such operator allegedly is violating, and a statement of the manner in and the extent to which said operator is alleged to violate this article and/or the rules and regulations of the commission, and shall require the person so complained against to answer the charges of such formal complaint at a *Page 920 
hearing before the commission at a time not less than 10 days or more than 30 days after the service of notice."
The court said in its judgment that the import of the statute is to place upon the Commission a non-delegable duty and discretion to determine if there is cause for ordering a hearing after receipt of the verified complaint of a violation. In support of its decision the court relies upon statements contained in the decision of the case of Board of Ed. ofMarshall County v. Baugh, 240 Ala. 391, 199 So. 822 (1941). The court there said:
 "[A]n act done in behalf of another without authority . . . is illegal and void. Such act is not subject to ratification."
In making the cited statement in Baugh, the supreme court was interpreting a section of the Alabama Teacher Tenure Act pertaining to re-employment and cancellation of contracts of teachers by the respective boards of education. § 16-24-12, Code of Alabama (1975). The whole purpose of that act is to protect the continuing service status of teachers in the public school systems of Alabama. The Act provides the sole methods for employment, transfer and cancellation of contracts of teachers by the employing boards of education. The decision of the court in Baugh was that the tenure of Baugh could not be affected by an act of the superintendent of education, because the Act specifically said that only the board could make such discretionary determinations. This court has followed and restated that principle of Baugh in the case of Brown v.Alabama State Tenure Commission, 349 So.2d 56 (Ala.Civ.App. 1977).
However, we do not consider the decision in Baugh to be dispositive of the issue in this case. The tenure act was enacted to protect the continuing service of teachers. It directed the employers of teachers and the boards of education as to the manner in which they were to exercise their authority to dismiss or transfer teachers. The legislature clearly provided the manner and procedure by which such functions were to be performed. There was no provision for delegation of authority to employ or discharge teachers because such authority and duty had already been specifically granted to boards of education by § 16-8-23, Code of Alabama (1975).
The Mining Reclamation Act created an agency of the state to carry out a public function determined by the legislature to be desirable. The agency created is the Surface Mining Reclamation Commission. The Act empowered and charged the Commission with the duty of carrying out the intent and policy declared therein. The Commission was granted some twenty-two general powers as shown in § 9-16-34 of the Code. Among these powers was that of making and adopting rules and regulations and to enforce such rules by orders; to hold hearings to determine violations of the Act or of the rules and regulations adopted by the Commission. There was also granted to the Commission the power to,
 "(16) Provide for the performance by its director, assistant directors or staff and employees in the name of the commission, of any act or duty authorized by and consistent with administration of this article, except for the promulgation, modification, suspension or repeal of standards, rules and regulations;. . . ."
From this provision it may be seen that there is a general power of subdelegation of its authorized acts and duties, except for specific limitation. There is ample authority in federal jurisdictions that there is nothing inherently wrong with the subdelegation of power and authority by agencies created and empowered by legislative act to serve a public purpose. Fleming v. Mohawk Wrecking and Lumber Co.,331 U.S. 111, 67 S.Ct. 1129, 91 L.Ed. 1375 (1947); Federal TradeCommission v. Gibson, 460 F.2d 605 (5th Cir. 1972); U.S. v.Marshall Durbin and Co. of Haleyville, Inc., 363 F.2d 1 (5th Cir. 1966).
In view of the broad authority granted the Commission, we find the Commission could delegate to its officers and staff the authority to consider complaints of violations of the Act and to issue notice *Page 921 
to an alleged violator that the Commission would hold a hearing on such complaint. Walls v. City of Guntersville, 253 Ala. 480,45 So.2d 468 (1950). Whether such delegation had been made is not in issue. The very characteristics of the Commission clearly force the conclusion that the legislature anticipated and intended that the administration of the Act be largely done by staff under the rules and regulations of the Commission. Without power of delegation, an administrative and enforcement agency could hardly function.
The trial court erroneously determined that the Commission was without jurisdiction and authority to hear and enter its order in this case. The trial court not having determined from the evidence presented at the trial de novo whether the order of the Commission is reasonable or lawful or not supported by the clear preponderance of the evidence, the judgment is reversed and the case is remanded for such consideration and judgment by the trial court.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur. *Page 1259