420 So.2d 6 (1982)
The CITY OF BESSEMER, a municipal corporation
v.
The PERSONNEL BOARD OF JEFFERSON COUNTY, et al.
80-831.
Supreme Court of Alabama.
August 6, 1982.
As Modified on Denial of Rehearing October 1, 1982.
Norman K. Brown, Bessemer, for appellant.
James R. Clifton of Stone, Patton & Kierce, Bessemer, for appellees.
SHORES, Justice.
This is an appeal from an order granting summary judgment to defendants Personnel *7 Board of Jefferson County (personnel board) and John C. Nixon in an action for declaratory judgment.
Nixon, an employee of the street department of the city of Bessemer, filed employee grievances pursuant to Rule 8.6 of the Rules and Regulations of the Personnel Board of Jefferson County. The grievances stemmed from: (1) removal of Mr. Nixon's lead worker designation; and (2) change of Mr. Nixon's duty assignment. Upon reevaluation, the issue of lead worker designation was removed from the grievance system and investigated by the personnel board. The director of the personnel board determined, however, that the question of the change of Mr. Nixon's duty assignment from sewer crew to another position was a grievance as defined by Rule 8.6(a) and was subject to review under the rule.
Bessemer then filed an action in circuit court seeking a declaratory judgment to determine the enforceability of Rule 8.6. The trial court granted summary judgment in favor of both defendants, finding that: (1) the grievance procedure is a valid exercise of the personnel board's rulemaking authority; and (2) Mr. Nixon's complaints were grievable within the definition contained in the rule.
From that judgment, Bessemer appealed. We affirm.
Rule 8.6 provides:
"8.6 GRIEVANCES. The most effective accomplishment of the work of the various jurisdictions and departments requires prompt consideration and equitable adjustment of employee grievances. It is the desire of all parties to adjust grievances informally, and both supervisors and employees are expected to make every effort to resolve problems as they arise. However, it is recognized that there will be grievances which will be resolved only after a formal appeal and review.
"a) DEFINITION OF GRIEVANCE. A grievance is a wrong, real or fancied, considered by an employee as grounds for complaint. Matters dealing with classification, pay, compensation, examination, leave, discipline, and related actions specifically set forth in the Personnel rules and regulations, shall not be considered under grievance procedures, but shall be adjusted in accordance with the provisions set forth in these rules and regulations. Any question as to what constitutes a grievance or what should be processed as a matter subject to these rules and regulations, shall be determined by the Director, subject to the review of the Board.
"b) GRIEVANCE PROCEDURE. Any employee may register a grievance. In the presentation of grievances, employees are assured of freedom from restraint, interference, discrimination or reprisal. All adjustments of grievances processed under this rule shall be retroactive to the time the grievance is first submitted in writing by the aggrieved employee. The aggrieved employee may be represented by counsel or other person of his choosing.
"Step 1. (1) The grievance must be submitted in writing to the immediate supervisor within five (5) days of the occurrence of the incident. A copy of the complaint must also be filed with the Employee Relations Division of the Personnel Board. All such complaints shall cite the reasons and nature of complaint and must be signed by the employee.
"(2) The immediate supervisor shall within three (3) days, reply in writing, with a copy furnished to the Employee Relations Division of the Personnel Board, his answer to the complaint or grievance.
"Step II. If unresolved in five (5) days, the written grievance, and the supervisor's answer shall be submitted to the department head. The department head, shall within five (5) days, reply in writing to all parties concerned and forward a copy of his answer to the Employee Relations Division of the Personnel Board.
"Step III. If unresolved, the grievance shall be submitted to a Grievance Committee, composed as follows:

*8 "(1) One (1) member elected by the classified employees of the jurisdiction in question. The term of the employee elected member shall be for a period of twelve months. One (1) member designated by the appointing authority of the jurisdiction in question. The third member shall be a mutually agreed upon person selected by the first two members.
"(2) In the event no mutual party can be agreed upon by members one and two within a period of ten (10) days, the Personnel Board shall designate member number three.
"(3) The Grievance Committee as constituted shall review the findings of all parties concerned and may obtain additional information as they deem necessary. They shall render a decision concerning the unresolved grievance within thirty (30) days after receipt of such grievance. The decision shall be binding on all concerned parties.
"(4) The Director of Personnel shall provide such minimal administration services as may be necessary and shall exercise his authority to require the production of records or appearance of witnesses as may be required to carry out the provisions of this rule."
Bessemer contends that the rule, by binding all parties to the decision of the grievance committee, constitutes compulsory arbitration in violation of Art. IV, § 84, Ala. Const.1901. We disagree.
Appellant correctly cites the law generally in this country and specifically in Alabama that compulsory arbitration is against public policy. See, e.g., Wells v. Mobile County Board of Realtors, 387 So.2d 140 (Ala.1980). We find, however, that Rule 8.6 does not authorize arbitration, compulsory or otherwise, but merely provides an administrative procedure for grievance resolution for public employees.
As stated in Wells, supra:
"The public policy of this state is to encourage arbitration and amicable settlements of differences between parties; but public policy also holds void an agreement in advance to oust or defeat the jurisdiction of all courts, as to all differences between parties."
387 So.2d at 144.
The evil we condemned in Wells was that any dispute, whenever it arose between the parties, was required to be submitted to arbitration. In the instant case, however, the definition of "grievance" contained in part (a) of Rule 8.6 limits the application of the rule so as to exclude all but day-to-day employee complaints that are more efficiently and economically handled extrajudicially. The implementation of Rule 8.6 affords a practical means of dispute resolution that would otherwise not be available to public employees.
Because we find Rule 8.6 violates no constitutional provisions and does not subvert nor enlarge upon any statutory policy, as Bessemer contends, it necessarily follows that the personnel board was within its rulemaking authority in passage of the rule. The power and authority of the personnel board, granted by the legislature, to make such rules have been upheld by this Court on numerous occasions.
In McMahan v. Yeilding, 270 Ala. 504, 120 So.2d 429 (1960), we stated:
"Title 62, § 330(22), Code of Alabama of 1940 (General Acts of Alabama 1945, p. 377) vests the Personnel Board of Jefferson County with the authority to `make rules and regulations,' etc., governing all civil service employees.
"We have previously held in Ex Parte Darnell, 262 Ala. 71, 76 So.2d 770, that in its broadest terms the statute vests the government and control of employees in classified civil service in the Board. The Personnel Director is authorized to submit to the Board for its consideration and approval such rules and regulations as are necessary to carry out the provisions of the act, `including the rules governing examinations, appointments, suspensions, dismissals, certification of eligibles, reduction in force, sick leave, leave of absence, resignation, reinstatements, promotions, demotions, transfers, salary adjustments, and any and all other rules *9 and regulations necessary for administering a scientific and economical personnel system.' (Emphasis supplied). Title 62, § 330(32), Code of Alabama of 1940 (General Acts of Alabama 1947, p. 227)."
120 So.2d at 431.
Bessemer next contends that the personnel board has no authority to delegate the power to settle grievances to the grievance committee. We disagree.
The delegation of rulemaking authority given the personnel board is necessarily broad so as not to unduly hamper the board in administering the personnel system. It is within that broad power to redelegate the power to settle grievances to a grievance committee.
The Court of Civil Appeals has previously held that "there is nothing inherently wrong with the subdelegation of power and authority by agencies created and empowered by legislative act to serve a public purpose." Alabama Surface Mining Reclamation Commission v. Jolly, 362 So.2d 919, 920 (Ala.Civ.App.1978). We agree with that decision, and, finding no specific limitation on the personnel board's power to subdelegate, hold that it is within its broad grant of power to subdelegate in order to effect an efficient and economical personnel system. The public purpose is clear that, without Rule 8.6, there would be no forum for most of the day-to-day grievances of the public employees of Jefferson County. The rule establishes a practical means of hearing these complaints.
We do not agree with Bessemer's argument that the associate commissioner of the city of Bessemer has authority over the matters complained of in Nixon's grievances and that Rule 8.6, therefore, violates some "home-rule" doctrine. While we recognize the responsibility of the associate commissioner for the operation of the Department of Public Improvements, that responsibility does not defeat the authority of the personnel board in the administration of the personnel system.
We have spoken to the conflict between a city department and a county personnel board previously. In Hudson v. Sparks, 272 Ala. 203, 129 So.2d 664 (1961), reviewing the relationship between the park board of the city of Birmingham and the Jefferson County personnel board, we held:
"Since both Boards are creatures of the legislature, the Personnel Board has no voice in the policies and decisions of the Park Board except as they relate to personnel under the classified service." (Emphasis added.)
129 So.2d at 668.
Likewise, in the case before us, the personnel board has no voice in the policies and decisions of the Bessemer Street Department, except as they relate to personnel under the classified service. Rule 8.6 is a valid exercise of that voice.
The judgment of the circuit court, finding the matters complained of to be grievable within Rule 8.6 and that rule to be constitutional, is correct and due to be affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, JONES, ALMON, EMBRY, BEATTY, and ADAMS, JJ., concur.

On Application for Rehearing
SHORES, Justice.
At the insistence of appellant, we have modified our opinion of August 6, 1982, to include all provisions of Rule 8.6 of the Rules and Regulations of the Personnel Board of Jefferson County. The appellant says that this is necessary to render the opinion comprehensible. The application for rehearing is denied.
OPINION MODIFIED; APPLICATION FOR REHEARING OVERRULED.
TORBERT, C. J., and FAULKNER, JONES, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.