This is a mandamus proceeding which was instituted in the circuit court by the Personnel Board of Jefferson County (the board) to compel the City of Birmingham (the city) and its police chief and personnel officer to enforce a decision of the Grievance Committee (the committee) of the board.
A police officer of the city filed a grievance with the board pursuant to board rule *Page 102 
8.6.[1] The officer contended that he was transferred from the South Precinct of the Birmingham Police Department to the North Precinct for disciplinary reasons because he carried a complaint over the head of the South Precinct captain to an inspector, a higher police official. The grievance proceeded through various steps until it reached the point where it was heard by the committee. After the presentations of much oretenus evidence before it, by both the officer and the city, the committee determined that, since the officer's transfer was made for disciplinary reasons, the officer be transferred back to the South Precinct. The city repeatedly failed or refused to carry out the committee's decision and the board instituted these proceedings, seeking a writ of mandamus commanding the city and the two officials to implement the committee's decision. In many ways the city's answer attacked the validity or enforceability of the committee's decision. The matter was presented to the circuit court for a final judgment upon an agreed statement of facts and upon evidence which was heard oretenus by that court. The trial court ordered the city and the two city officials to implement the decision of the committee. The defendants promptly appealed to the supreme court, which recently transferred this matter to this court ex mero motu.
Helpful briefs have been filed by able counsel for all parties.
In City of Bessemer v. Personnel Board of Jefferson County,420 So.2d 6 (Ala. 1982), rule 8.6 of the board was determined to be valid. A change in an employee's duty assignment was decided to be grievable under that rule. The city here presents issues and argument that were substantially decided in City ofBessemer. Nevertheless, we quote the following from that opinion in view of the earnestness of one similar argument here made.
 "We do not agree with Bessemer's argument that the associate commissioner of the city of Bessemer has authority over the matters complained of in Nixon's grievances and that Rule 8.6, therefore, violates some `home-rule' doctrine. While we recognize the responsibility of the associate commissioner for the operation of the Department of Public Improvements, that responsibility does not defeat the authority of the personnel board in the administration of the personnel system.
 "We have spoken to the conflict between a city department and a county personnel board previously. In Hudson v. Sparks, 272 Ala. 203, 129 So.2d 664
(1961), reviewing the relationship between the park board of the city of Birmingham and the Jefferson County personnel board, we held:
 "`Since both Boards are creatures of the legislature, the Personnel Board has no voice in the policies and decisions of the Park Board except as they relate to personnel under the classified service.'" (Emphasis added.)
"129 So.2d at 668.
 "Likewise, in the case before us, the personnel board has no voice in the policies and decisions of the Bessemer Street Department, except as they relate to personnel under the classified service. Rule 8.6 is a valid exercise of that voice.
 "The judgment of the circuit court, finding the matters complained of to be grievable within Rule 8.6 and that rule to be constitutional, is correct and due to be affirmed."
City of Bessemer v. Personnel Board of Jefferson County, 420 So.2d at 9. We are bound by the decisions of the supreme court. Ala. Code (1975), § 12-3-16. Accordingly, since we deem thatCity of Bessemer applies to all but two of the issues raised in the present appeal, we pretermit any further discussion of those issues which fall within the ambit of that opinion.
The city contends that the committee's decision was arbitrary and capricious. *Page 103 
Since no right of appeal by an aggrieved party to review any committee decision has been granted by the legislature, certiorari would have been the appropriate remedy for the city to so review it. In certiorari proceedings, a committee decision will be sustained in the circuit court as to factual matters if there was any substantial evidence before the committee which was supportive of the committee's order. LittleCaesar's, Inc. v. Alabama Alcoholic Beverage Control Board,386 So.2d 224 (Ala.Civ.App. 1979), rev'd on other grounds,386 So.2d 228 (Ala. 1980). It is reasonable to apply that same substantial evidence rule in the present case in order to be consistent, for the city here seeks to escape the consequences of the determination of the committee by contending that the evidence was inadequate. An identical issue could have been raised had the city sought certiorari.
The determination of the weight and credibility of the evidence, and reasonable inferences to be drawn therefrom, was for the committee in such an adjudicatory proceeding. Ex parteMorris, 263 Ala. 664, 83 So.2d 717 (1955). We have examined the evidence which was presented to the committee. There was substantial evidence upholding the committee's decision. For example, the officer testified that his captain, who transferred him, personally admitted to him that his transfer was due to his going over that captain's head in taking his complaint to an inspector. In short, the facts, and reasonable inferences therefrom, were such that the findings of the committee were upheld by substantial evidence and the committee's decision was neither arbitrary nor capricious.
The city also argues that mandamus was not a proper remedy. We disagree.
The board's rule 8.6 contains a provision that a decision of the committee is binding upon all concerned parties. That aspect of the rule was determined in City of Bessemer to be constitutional and legal. Therefore, the determination of the committee in this case is binding upon the city unless and until it is set aside. The city was, and is, required to enforce it. The city has no present discretion to exercise, but must perform the ministerial act of retransferring the officer in accordance with the committee's decision. A writ of mandamus will issue to require a public official to do a ministerial act which he is legally bound to perform. Taylor v. Troy StateUniversity, 437 So.2d 472 (Ala. 1983). This mandamus proceeding was the appropriate remedy under the circumstances.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.
[1] Rule 8.6 is quoted in full in City of Bessemer v. PersonnelBoard of Jefferson County, 420 So.2d 6 (Ala. 1982). It governs grievances.