WRIGHT, Presiding Judge.
This is an appeal from the Circuit Court of Montgomery County’s action affirming the State Personnel Board’s dismissal of two state employees. The employees appeal and we affirm the circuit court.
Ted R. Carden and Michael T. DePasq-uale were both employed with the Game and Fish Division of the Department of Conservation in the classification of Conservation Enforcement Officer I. On March 23, 1983, Mr. Carden and Mr. De-Pasquale, while off duty and in the company of a third individual not employed by the *1156 State, entered the prívate pasturelands of another in Lowndes County and chased down a cow with a three-wheel ATC vehicle, lassoed the cow and dragged it for several hundred yards, choked it down and then continued dragging it to the back of a waiting truck, giving the strong impression of preparing to load the cow on the truck. Subsequent to this action, both administrative and criminal investigations were conducted. The officers later pleaded guilty to third degree criminal trespass charges. We are not concerned with the criminal aspects of this case. The intriguing issue arises with the administrative proceeding.
It seems that John W. Hodnett, Commissioner of the Department of Conservation and Natural Resources received, from both the Director and the Chief Enforcement Officer of the Game and Fish Division, recommendations that the officers be dismissed. Subsequent to their receipt, the Commissioner held a hearing on these recommendations. This hearing was held on April 20, 1983, and as part of the hearing, the officers were allowed representation of their choice, to present evidence on their own behalf, and to cross-examine witnesses. On April 27, 1983, after the hearing, Commissioner Hodnett decided not to accept the recommendations for dismissal of the officers, but instead, to suspend each of them for thirty days without pay, to lower their salaries by two steps, and to transfer them to another county.
It was subsequent to this decision that the officers pleaded guilty to the criminal charges. Then, as a result of public outcry and new recommendations for their dismissal, the Commissioner held another hearing and decided to accept the recommendations for dismissal of the officers. The officers, as was their prerogative, appealed from this action to the Personnel Board. On August 15, 1984, a public hearing was held before a special agent appointed by the Board. The special agent recommended that the action of the Commissioner be sustained. The Personnel Board found, as a result, that the evidence supported the dismissal of the officers. On November 8, 1984, the officers filed a Petition for Writ of Common Law Certiorari in the Montgomery County Circuit Court. The circuit court sustained the action of the Personnel Board and this appeal followed.
The officers assert only one argument on appeal: that the decision by Commissioner Hodnett after the April 20, 1983, hearing precluded any later hearing or action by either the Commissioner or the Personnel Board on the matter of the “cow incident.” Their argument is based on the principle of res judicata. We find the decision in McMahan v. Yeilding, 270 Ala. 504, 120 So.2d 429 (1960), not cited to us by any party to this action, controlling.
In McMahan, on facts very similar to those in the instant case, our Supreme Court held that the Personnel Board’s dismissal of a state employee subsequent to the prior suspension of such employee by an appointing authority, for the same infraction, was not barred by res judicata. The court stated:
“A decision rendered by an officer or a board of state or municipal officers, or a commission, when acting judicially, or quasi-judicially, and within his or its jurisdiction, and having by law the force and effect of a judgment, is a bar to further actions on the same matter between the parties or their privies, but if such an officer or board does not act judicially in the particular matter, but ministerially or administratively, ... it is no bar to further proceedings in the same matter, and the power of an administrative body or an agency to reconsider its own findings or orders has no relation to, and is not affected by, the doctrine of res judicata. The test [is] ... whether the particular decision was judicial in its nature and effect, and not the mechanics of the proceeding.” (Emphasis supplied.)
270 Ala. at 506, 120 So.2d at 430-431 (quoting 50 C.J.S. Judgments § 606 at 29 (1947)). We note that other authorities are in accord. See, e.g., United States v. Utah Construction and Mining Company, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966); Restatement (Second) of Judgments § 83 (1982).
*1157 An appointing authority has only that authority which is given to him either by the legislature or through the rule-making power of the Personnel Board. See § 36-26-9, Code of Alabama 1975; McMahan v. Yeilding, supra. For example, he may suspend an employee without pay by serving the employee with a written statement of the delinquency for which the suspension is made; a copy of this statement must be forwarded to the Director of State Personnel. § 36-26-28, Code 1975. Although the code section allows only for a written explanation of the incident by the employee, the Personnel Board has provided by regulation that the employee be given an opportunity for a hearing before he may be suspended. State Personnel Board Regulation 670-X-18-.03. An appointing authority may also demote an employee, but not without the approval of the Director. The Board has also allowed itself the option of conducting an independent investigation of the reasons for the demotion as well as the pdssibility of requiring a public hearing when it deems it necessary. State Personnel Board Regulation 670-X-9-04(3). An appointing authority may also transfer an employee from one position to another, but the approval of the Director is required. § 36-26-24, Code 1975; State Personnel Board Regulation 670-X-9-.04. Finally, although the appointing authority’s responsibilities are not limited to those mentioned here, we note that he may also effect the dismissal of an employee. § 36-26-27(a), Code 1975. However, this function is also placed under severe restrictions by the Board. The appointing authority must state in writing the reasons for his belief that such dismissal is for the good of the service. A copy of this statement must be served on the employee and one also forwarded to the director. Such employee may then ask the Board to review this action. At this point, he is given his first opportunity for a public hearing before the Board or its agent. § 36-26-27(a), Code 1975; State Personnel Board Regulation 670-X-18-.02.
It is evident, from construction of the code sections, that any and all of the appointing authority’s responsibilities are merely ministerial or administrative in nature.
As the court made clear in McMahan, the legislature never intended acts of the appointing authority to constitute a bar to subsequent action by the Personnel Board. McMahan v. Yeilding, 270 Ala. at 506, 120 So.2d at 431. Any action taken by an appointing authority is only of a ministerial or administrative nature, and thus the doctrine of res judicata does not apply. Id.
Thus, in the instant case, no matter how formal the procedures instituted by the Commissioner in his administrative hearings, they could not rise to the level of a judicial-type hearing. The mechanics of the proceedings do not control. Id. In fact, this court has stated in the past that investigative hearings of this nature have no res judicata effect. See Heath v. Alabama State Tenure Commission, 401 So.2d 68 (Ala.Civ.App.1981). Accord 50 C.J.S. Judgments § 606 (1947); Restatement (Second) of Judgments § 83, comment b (1982). As such, all that can be said of the hearings conducted by the Commissioner is that he provided the officers with greater procedural niceties than required by § 36-26-27(a), Code of Alabama 1975. Cf. Hilyer v. Blackwell, 377 So.2d 1090 (Ala.Civ.App.), cert. denied, 377 So.2d 1092 (Ala.1979).
Stated simply then, because the nature of the proceedings held by Commissioner Hodnett could only be of a ministerial or administrative nature, and because decisions by an appointing authority are not given the effect of a judgment in Alabama, the elements of res judicata cannot be established. There does not exist a prior judgment by an authority of competent jurisdiction. As a result, there was no final determination to be given preclusive effect.
As there was no other attack made upon the decision of the Personnel Board, we are of the opinion that the Board’s decision is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.